UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
SHARON PERRYMAN, :
: CASE NO. 1:09-CV-2775
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. 17]
JOHN E. POTTER, POSTMASTER, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this age-based employment discrimination action, the Postal Service moves to dismiss Plaintiff Sharon Perryman's intentional infliction of emotional distress claim and moves for summary judgment on Perryman's Age Discrimination in Employment Act claim. [Doc. 17-1.] Perryman opposes the motion for summary judgment, and has withdrawn her emotional distress claim. [Doc. 30.] Because Perryman has not shown that the Postal Service's proffered reason for terminating her was pretextual, the Court **GRANTS** the Postal Service's motion.

Perryman was employed as a supervisor with the Postal Service for approximately 35 years, when she applied for, but was denied, a lateral transfer to the Chagrin Falls post office. Of the applications received for the Chagrin Falls supervisory position, Chagrin Falls Postmaster Mark Gebler interviewed four candidates. Gebler ranked Perryman third out of the four candidates and ultimately hired his first-ranked candidate. [Doc. 17-1 at 2.] In June 2007, Gebler informed Perryman that he had not selected her for the supervisor position. [Doc. 30-4.] Perryman then filed an Equal Employment Opportunity (EEO) grievance against the Postal Service alleging age and race

Case No. 1:09-CV-2775
Gwin, J.

discrimination in her non-selection. [Doc. 1 at 3; Doc. 17-6.] The Equal Employment Opportunity Commission (EEOC) denied Perryman's claim. [Doc. 17-8.] In August 2008, Perryman filed for early retirement. [Doc. 17-7.]

Perryman then brought this action, claiming that the Postal Service discriminated against her on the basis of age. [Doc. 1.] Perryman (51 years old at the time of her application to the Chagrin Falls position) alleges that Gebler hired a less qualified but younger applicant, Anna Ruiz-Borrero (36 at the time of application), for the position. [Doc. 30 at 10; Doc. 30-5.] She argues that her superior qualifications, in addition to other evidence of discrimination, support finding that the Post Office unlawfully denied Perryman the Chagrin Falls position because of her age.

On a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (on summary judgment motion, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented"). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), guides Perryman's disparate-treatment claim:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

Case No. 1:09-CV-2775
Gwin, J.

*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (quoting *McDonnell Douglas*, 411 U.S. at 802-04).

To make out a prima facie case of discrimination, a plaintiff must show that (1) she is a member of a protected class, (2) she was qualified for the job, (3) she suffered an adverse employment decision, and (4) she was treated differently than similarly situated non-protected employees. *Newman v. Fed. Exp. Corp.*, 266 F.3d 401, 406 (6th Cir. 2001). The Postal Service argues that Perryman's non-selection for the Chagrin Falls position does not constitute an adverse employment action. It claims that because Perryman sought a supervisory position in Chagrin Falls identical to the one she held in South Euclid, she had applied for a lateral transfer. Accordingly, the Postal Service says, Perryman's non-selection for the transfer resulted in no material loss actionable under a discrimination claim. [Doc. 17-1 at 8.]

Though denial of a lateral transfer, on its own, does not generally constitute an adverse employment action, such denial may be deemed adverse when accompanied by a difference in pay, benefits, or other material change. *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir. 1996). Here, Perryman alleges that her non-selection for transfer denied her the opportunity to receive a higher pay for performance award—specifically in 2008, the year after her non-selection. Perryman notes that the transfer carried significant difference in award: as an eligible South Euclid supervisor, Perryman received a 2.5% pay for performance award for 2008, where eligible Chagrin Falls supervisors were awarded 6.5% for the same time period. [Doc. 30 at 3.] Perryman says that she would have been eligible for the pay for performance award as a supervisor at Chagrin Falls.

Courts have held that denial of a wholly discretionary bonus does not equate to an adverse

Case No. 1:09-CV-2775
Gwin, J.

action. *Gideon v. Rite Aid of Ohio, Inc.*, No. 1:08cv426, 2009 WL 3788728, at *1, *7 (S.D. Ohio Nov. 10, 2009) (citing *Rabinovitz v. Pena*, 89 F.3d 482, 488-89 (7th Cir. 1996)); *Lewis v. City of Chicago*, 496 F.3d 645 (7th Cir. 2007) (denial of a raise can be an adverse action while denial of transient, discretionary bonus is not). However, the Postal Service offers no evidence that its pay for performance awards are discretionary, rather than automatic awards for every supervisor exceeding a performance eligibility cutoff. Indeed, the Postal Service admits that it grants such awards to *all* supervisors "rated successful" at individual offices, in an amount based on the branch's annual performance in relation to its goals. [Doc. 31-1 at 2.] The Postal Service also offers no evidence that Perryman would not have been, or at least was not likely to have been, "rated successful" in 2008 at the Chagrin Falls office, as she was at South Euclid. Because a reasonable jury could find that Perryman, had she been selected for the Chagrin Falls position, would have received a larger pay for performance award in 2008, the Postal Service has failed to show that Perryman's non-selection does not constitute adverse employment action.

However, Perryman does not show that the Postal Service's offered legitimate, nondiscriminatory reason for her non-selection is merely pretext for age discrimination. The Sixth Circuit has explained that "[a]t the summary judgment stage, the [pretext] issue is whether the plaintiff has produced evidence from which a jury could reasonably doubt the employer's explanation." *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 n.4 (6th Cir. 2009). The plaintiff has at least three avenues for showing pretext: "(1) that the [employer's] proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action." *Id.* at 400.

The Postal Service has enunciated a legitimate, nondiscriminatory reason for Perryman's

Case No. 1:09-CV-2775
Gwin, J.

non-selection. Gebler stated that he chose Ruiz-Borrero for the Chagrin Falls position because of her upbeat attitude, her commitment to the Postal Service and to running efficient operations, and her ability to work well with the unions. [Doc. 31 at 5.] He stated that he did not select Perryman because he believed Perryman was a "stickler for details," which had previously led to problems with the unions. [Doc. 31 at 5-6.] Gebler also stated that Perryman had listed jobs with nine different Postal Service locations within four years, which, he says, suggested a lack of stability that would impede durable team-building. [Doc. 30-6 at 6.]

Perryman fails to show that this offered, nondiscriminatory reason lacked a factual basis or that the reason alone would have been insufficient to warrant Perryman's non-selection. *See id.* at 400. She does not dispute that she had experienced problems with the unions and that she had moved to several different post offices. Perryman argues she told Gebler that she is a "stickler for the rules," not "for details." [Doc. 17-4 at 23.] Yet under either wording, the result is the same. It was the consequence of this trait—the creation of problems with the unions—that influenced Gebler's decision, rather than the precise nature of the trait itself. [Doc. 31-2 at 31.]

Nor does Perryman show that the Postal Service's stated reason did not actually motivate the non-selection. Perryman first alleges that Gebler asked Ruiz-Borrero only four or five questions during the interview (rather than the 11 questions he asked Perryman), and omitted the question that had prompted Perryman's "stickler for the rules" response. [Doc. 30 at 6.] However, even if Gebler asked fewer questions of Ruiz-Borrero than of Perryman, Perryman offers no evidence that Gebler could not have otherwise gleaned the information necessary for a fair decision. Moreover, Gebler's evaluation of Ruiz-Borrero's superior qualifications flowed from working directly with Ruiz-Borrero and from her application, in addition to her answers to interview questions. [Doc. 30-6 at 19; Doc.

Case No. 1:09-CV-2775
Gwin, J.

31-2 at 32.]

Perryman also contends that Gebler destroyed his questions and notes from the interview process and that this accordingly entitles Perryman to a presumption that the notes contained evidence of pretext. [Doc. 30 at 6.] Federal law governs spoliation—the intentional destruction of evidence presumed unfavorable to the party that destroyed the evidence—and district courts have broad discretion to determine the sanctions appropriate for spoliation. *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009); *O'Brien v. Donnelly*, 2:04-cv-0085, 2010 WL 3860522, at *1, *4 (S.D. Ohio Sept. 27, 2010) (whether negligence or bad faith caused the destruction is a key factor in determining spoliation sanctions). Because Perryman has not adduced evidence sufficient to show that Gebler destroyed his notes in bad faith, an adverse inference in her favor is inappropriate here. The Postal Service says it had not advised hiring officials such as Gebler to retain their interview notes.[1/] [31-1 at 2.] And, although EEOC regulations require preservation of all relevant employment records once a complaint has been filed, 29 C.F.R. § 1602.14, Gebler stated that he destroyed his notes before he became aware that Perryman had filed her administrative complaint, and before he received a litigation hold notice to retain the documents. [Doc. 31-3.] Gebler adds that he completed the necessary official paperwork regarding the interviews and fully recounted each of the interview questions, as well as the reasons for his selection, to EEO investigators. [Doc. 31-3; Doc. 17-3 at 11, 13, 79, 105.] Perryman has not offered evidence sufficient to suggest that bad faith

---

[1/]Perryman says that Postal Service policy at the time of her non-selection demanded retention of interview materials. [Doc. 30-6 at 21.] However, the Postal Service Handbook section (subchapter 74) cited by Perryman states that "[s]upervisory positions are filled using the policies and procedures contained in 73 . . . or in 75," [Doc. 30-6 at 21.] Perryman does not provide evidence of those other policies. Without evidence of those sections or explanation of why they are irrelevant, the cited policy language does not provide adequate evidence of bad faith.

Case No. 1:09-CV-2775
Gwin, J.

motivated such decisions or policies.[2/] Her assertions that Gebler intentionally destroyed his notes do not, on their own, warrant adverse inference. *See* Fed. R. Civ. P. 56 (parties cannot rely on mere allegations or denials on summary judgment); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.1989).

Perryman's remaining contention, that she was clearly more qualified for the job because she had held the Supervisor of Customer Service position before, does not support an inference of pretext. *See Lomax v. Sears, Roebuck, & Co.*, No. 99-6589, 2000 WL 1888715, at *4 (6th Cir. Dec. 19, 2000) (unpublished) (plaintiffs self-assessment of qualifications are irrelevant, and qualifications must be examined as determined by the employer); *Hartsel v. Keys*, 87 F.3d 795, 801 (6th Cir. 1996) ("The law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with. Rather, employers may not hire, fire, or promote for impermissible, discriminatory reasons."). Accordingly, because Perryman has failed to show that the Postal Service's stated reason for terminating her was pretextual, the Court **GRANTS** the Postal Service's summary judgment motion.

IT IS SO ORDERED.

Dated: December 8, 2010        s/ *James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[2/]Perryman argues that the Court should infer pretext from Gebler's admission that he no longer takes notes during interviews to avoid having to retain them. [Doc. 30-6 at 17.] However, such subsequent measures do not constitute evidence of preexisting bad faith sufficient to warrant adverse inference regarding prior destruction of notes.